IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Terrell Hughes, | ) C/A No.: 3:25-4072-MGL-SVH |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Lexington County Family Court and South Carolina Department of Social Services, | ) |
| Defendants. | ) |

Steven Terrell Hughes ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Lexington County Family Court and the South Carolina Department of Social Services (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the complaint without prejudice.

Plaintiff filed a complaint on May 15, 2025. [ECF No. 1]. In the space to state a claim on the complaint form, Plaintiff wrote: "My housing they have hinder me from get housing my credit they have lie, Being able to work having ppl follow me and hindering me. garnish but not giving right copy of payment receit want let me fill for hearing." *Id.* at 5 (errors in original). He requested

the court order a hearing, a "right copy" of the payment history and a garnishment receipt. *Id.*

On May 21, 2025, the undersigned reviewed the complaint, noted deficiencies, and issued a proper form order and an order and notice permitting Plaintiff until June 11, 2025, to cure the deficiencies. [ECF Nos. 6, 7]. The order and notice advised Plaintiff that he had failed to name as a defendant a "person" amenable to suit under 42 U.S.C. § 1983 and that he had failed to allege sufficient facts to meet the minimal requirements in Fed. Civ. R. 8(a) for filing a complaint. [ECF No. 7].

Plaintiff subsequently filed a motion requesting additional time to file the amended complaint and appointment of counsel, a letter supplementing the motion, a proposed summons, and a proposed Form USM-285. [ECF Nos. 9, 10, 11, 12]. On June 17, 2025, the undersigned issued an order granting Plaintiff's motion for an extension of time, extending his deadline to respond to the order and notice to July 8, 2025, and denying his motion for appointment of counsel. [ECF No. 13]. The deadline for Plaintiff's response has passed and a review of the docket reveals he has not filed an amended complaint or other response to the order and notice.

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not

by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Based on Plaintiff's failure to respond to the court's May 21, 2025 order and notice within the extended period permitted by the court, the undersigned concludes Plaintiff does not intend to pursue the above-captioned matter. Accordingly, the undersigned recommends this case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

If Plaintiff files an amended complaint within the time set for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return the file to the undersigned for further action. If, however, Plaintiff fails to take such action, the Clerk shall forward this Report and Recommendation to the district judge for disposition.

IT IS SO RECOMMENDED.

July 15, 2025                                         Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).